## CHICAGO, ST. LOUIS & PITTSBURG R. R. CO. v. CITY OF HAMILTON.

1. DISSOLVING A TEMPORARY INJUNCTION IS A FINAL ORDER.

An order of the court of common pleas, dissolving a temporary injunction, is reviewable on error before the final disposition of the case in said court.

2. SAME—PETITION AND ANSWER THE ONLY EVIDENCE—BURDEN OF PROOF

Where the essential statements of the petition on which the temporary injunction was

obtained, are denied by the answer, and a motion is made to dissolve such injunction, and at the hearing, the only evidence offered by the defendant was its answer, read as an affidavit, and the only evidence offered by the plaintiff was its petition read as an affidavit, the burden of proof to maintain such injunction was on the plaintiff:—and where the court dissolved it on the evidence, the reviewing court will not reverse such judgment unless it clearly appears that the decision was against the weight of the evidence, which does not appear in this case.

**3. CONTRACT AS TO EXTENSION OF STREETS ACROSS RAILROAD TRACKS—ESTOPPEL.**

Where a municipal corporation has by ordinance granted to a railroad company, the right to cross certain of the streets and alleys of the city with its railroad tracks, on the express condition that whenever it becomes necessary to open, extend or widen any street or alley which when so opened, extended or widened will cross the tracks, side-tracks or switches of the said company, it shall grant the right-of-way over and across its roads and tracks free of damage and expense to said city, and without the city having to resort to condemnation proceedings to obtain said right-of-way over and across said road, which grant was accepted and agreed to by said company and its road built accordingly, when it is necessary to extend a street of the city across the track of said company, and proceedings are commenced to appropriate land thereof at the side of its track, such company or its grantee with notice thereof, will be estopped from claiming that such extension can not be made.

ERROR to Court of Common Pleas of Butler county.

Application for stay of execution of judgment.

SMITH, C. J.

The plaintiff in this case filed a petition in the court of common pleas of Butler county, against the city of Hamilton, to enjoin the defendant from proceeding, in the probate court of said county, to appropriate for street purposes, a strip of land owned by the Cincinnati & Richmond Railway Company, in said city, and which, it is alleged, should not be so appropriated, for the reason that the same is used and needed by said last-named railway company, as a yard for its cars, engines, etc., and that such appropriation would unnecessarily interfere with the reasonable use of such land by the owner thereof, and therefore, that under sec. 2233 Rev. Stat., the city has no right to condemn the same for such use. And it is alleged that the plaintiff has some interest in said road and land, acquired from the said Cincinnati & Richmond Railway Company.

On the filing of this petition, a temporary injunction was obtained as prayed for. The city filed an answer in the case, and moved to dissolve the temporary injunction, the hearing thereof to be on the pleadings and affidavits. On the hearing of the motion, the only evidence offered by defendant, was its answer; and the only evidence offered by plaintiff, was its petition; both being read as affidavits. The court of common pleas dissolved the injunction, to which the plaintiff excepted and took a bill of exceptions, embodying all the evidence offered, and filed a petition in error, seeking the reversal of such judgment dissolving the injunction. No final disposition of the action has been made in the court of common pleas.

Application is now made to us to fix the amount and terms of a bond, to be given by the plaintiff, to stay the execution of such judgment; and the case has been quite fully argued to us on the questions whether a petition in error will now lie, and if so, whether a stay should be granted.

Our conclusions on these questions, are as follows:

1. That the decision of the Burke case, 45 O. S., 631, in effect settles the question, that an order of the court of common pleas dissolving a temporary injunction is reviewable on error, though there has been no final disposition of the case in that court. It is an order affecting a substantial right, made in a special proceeding, as much as is an order overruling a motion to dissolve such temporary injunction. It affects the interest of the other party, but that does not alter the principle.

2.   If there was reasonable ground to believe that substantial error has intervened, it would be in accordance with our practice and the law as we understand it, to grant the stay.

3.   We do not think the court erred in refusing to strike from the files, the motion or answer of the defendant, or in refusing to continue the case for hearing thereon; or in allowing the answer of the defendant to be read on the hearing as an affidavit.

4.   The case was heard on the petition of the plaintiff and the answer of the defendant.   That answer denied any interest of the plaintiff in the road on lands of The Cincinnati & Richmond Railway Co. or in that sought to be condemned by the city; and also denied that the appropriation sought, if made, would interfere with the use of the road on the lands of The Cincinnati & Richmond Railway.   We think those are questions which are properly to be settled by the court in which the condemnation proceedings are pending.   

The defendant, by its answer, having denied all the averments of the petition which gave the plaintiff any right to the injunction, and there being no other evidence on the part of the plaintiff to support his allegations, we cannot say that the court erred in its action on the evidence.   In Coston v. Paige, 9 O. S., 397, the court holds that on a motion to discharge an attachment, if the allegations of the plaintiff on which it was obtained, are denied by the defendant, they must be sustained by the plaintiff to the satisfaction of the court. On the plaintiff, by the denial, is thrown the burden of proof.   We think the same reason applies on an application to dissolve an injunction, and such seems to be the holding of the courts.   Section 1, Walker & Bates' Dig., p. 626; secs. 44-46; 3 do., 304, sec. 22.

5.   But on the other facts set up in the answer, and which are entirely uncontradicted, we think the plaintiff is not entitled to the relief sought.   The answer of the city alleges that The Cincinnati & Richmond Railroad Company obtained the right to use and cross with its tracks, several of the streets, alleys and public grounds of said city, under and by virtue of an ordinance of that city, an express condition of which was (and which was acted on and agreed to by the said company, and its road built in pursuance thereof) "that whenever it becomes necessary to open, extend or widen any street or alley which when so opened, or widened, crosses the tracks, side-tracks or switches of said railroad company, the said railroad company shall grant a right of way over and across its road and tracks, free of damage and expense to the city, and without the city having to resort to condemnation proceedings to obtain said right of way over and across said grantee's road," and the answer further alleges that it is necessary to extend Tenth street (the one for which the condemnation proceeding is pending), across said tracks, etc., from Canal street to High street; and that any right of plaintiff in any of the real estate, road bed and track was acquired from The Cincinnati & Richmond Railway Company, and with full knowledge of said contract and ordinance.   And, as we understand the case, the latter railroad company has purchased land at the side of the track of its road which it is necessary to cross, to extend the street as contemplated by the city, across the railroad; and it is to prevent this from being done, by the proceeding in the probate court, that this action is brought.

To allow the prayer of the petition and thus prevent the extension of the street, would render the contract between the city and the railroad company perfectly worthless in the particulars named.   We think the company and all claiming under it would be estopped from the assertion of any such claim.  The application for the fixing of the amount and condition of a bond for the stay of execution of the judgment of the common pleas is denied.

Charles Darlington, for plaintiff in error.

Thos. Millikin and Mr. Hull, City Solicitor, for defendant in error.